UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LMI AEROSPACE, INC.

                    Plaintiff,                                     26 cv 3655(PKC)


               -against-                                         ORDER

GKN AEROSPACE, INC.,

                    Defendant.

-------------------------------------------------------------x

CASTEL, District Judge:

        This Court issued an Order to Show Cause why the complaint in this action ought not be unsealed in its entirety (Order of May 6, 2026, ECF 6.)   The Court has reviewed the letter response and declaration from plaintiff LMI Aerospace, Inc.  ("LMI") seeking to seal the Master Service Agreement in its entirety, as well as portions of two other documents. (ECF 12 &  14).  It has also reviewed the declaration submitted by defendant GKN Aerospace, generally opposing all sealing except for unit prices.  (ECF 13.)

        With respect to the common law right of access, there is a three-step analysis that governs whether a filing may be submitted under seal or with redactions.  First, the court determines whether the filing is a "judicial document;";second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors "that legitimately counsel" against public access.  Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020).  Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access.  Id.

        Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'"  Lugosch v. Pyramid Co. of Onondaga,

435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). A complaint "plainly" qualifies as a judicial document. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.") (quotation marks and citation omitted). "Such documents are presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" Id. at 139 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II")).

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013). The right to access is not absolute, however, and the weight afforded to the presumption may vary, depending on the document's role in the judicial process. Lugosch, 435 F.3d at 121. When documents directly affect an adjudication or are used to determine the litigants' substantive legal rights, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances." Bernstein, 814 F.3d at 142. "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily entitled to review such material in order to understand and evaluate the actions of the courts." Newsday, 730 F.3d at 167 n.15.

Separate from the common law right of access, there is also a qualified First Amend right of access. Lugosch, 435 F.3d at 119-20. In determining whether the qualified First

2

Amendment right to access applies, courts consider whether the documents have historically been open to the press and public and whether public access plays a significant and positive role in the judicial process. Bernstein, 814 F.3d at 141. "Complaints have historically been publicly accessible by default, even when they contain arguably sensitive information." Id. at 141. The complaint plays a highly significant role in the judicial process explaining the nature and basis of the action and the relief sought.

If the qualified First Amendment right of access applies, "'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quoting Lugosch, 435 F.3d at 124).

Redaction may be appropriate to protect confidential information. Amodeo II, 71 F.3d at 1047-48. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (Broderick, J.). Nonpublic financial statements and sales information may appropriately be subject to sealing or redaction. See, e.g., Lexington Furniture Indus., Inc. v. Lexington Co., AB, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Courts must consider the "nature and degree of the injury" if information is publicly disclosed. Mirlis, 952 F.3d at 61. Information should not be redacted merely because it might harm a party's public reputation. Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.). The privacy interests of innocent third parties also "should weigh

3

heavily in a court's balancing equation." S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

The Court finds as follows:

1.   The Complaint in this action, including the exhibits thereto, are judicial documents to which the presumption of access applies.

2.   The common law presumption of access is very strong as to this Complaint, including exhibits, which will be the cornerstone of this action and necessary to the public's understanding of the Court's actions.  The presumption of access has not been overcome by any countervailing consideration except as outlined in paragraphs 6 and 8.

3.   The qualified First Amendment right of access also applies to this Complaint, including its exhibits. No higher value applies, except for the narrowly tailored redactions described in paragraphs 6 and 8.

4.   .LMI's  Headlee Declaration at ¶ 7 asserts that public disclosure of the terms of the Master Supply Agreement ("MSA")  (Exhibit A to the Complaint) would provide competitors and market participants with insights into sensitive areas, such as product specifications, volume commitments, delivery schedules and pricing schemes. No narrow tailoring of the MSA, i.e. redactions, is offered by LMI.  The Headlee Declaration at ¶6 further asserts the provisions of the MSA are "neither boilerplate nor publicly available." The statement is a gross overstatement and LMI's refusal to offer to make a single word of  the MSA public does not reflect a good faith effort to narrowly

tailor redactions.   The MSA sought to be sealed in its entirety, contains a host of standard definitions of common terms, e.g. "Breach," "Best Industry Practice," "Customer," "Delivery," "Expert," "Group," "Liquidated Damages," " Sales Tax," "Third Party," and "Working Day."   It contains routine provisions such as "The Supplier shall: . . . perform all Contract Obligations in accordance with Best Industry Practice" (42.1), "The Suppler represents and warrants to GKN that: . . . it  has all requisite power and authority. . .  to enable it to enter into and perform each Contract Document. (42.2),  "Each party confirms it is acting on its own behalf and not for the benefit of any other person." (48.2). It contains fairly routine provisions governing "Notices, Waiver," "Severability, "Entire Agreement" "Law and Jurisdiction" and others.

5.  GKN agrees "that this is a garden variety commercial contract dispute and that the entirety of the Complaint, inclusive of its exhibits, should be unsealed." (Gomberg Declaration at ¶4.)   It does not oppose the redaction of "unit prices from the exhibits to the Complaint. See, e.g., Exhibit B at Schedule 5 and Exhibit I.

6.  The Court provisionally finds that pricing, in the context of the highly competitive aerospace industry could place LMI at a competitive disadvantage.  These are countervailing considerations and higher values that provisionally warrant narrow and limited redactions of Exhibits B and I to the Complaint.

7. The law in this Circuit is clear on the standards for sealing and redactions in view of the common law presumption and the qualified First Amendment right of access.  LMI did not make a good faith effort to narrowly tailor its requests, either in its initial filings or its response to the Order to Show Cause. The Court will not grant LMI a third bite at the apple.

8. The Complaint and the exhibits thereto shall be filed on the public docket within five days of this Order, except that LMI may redact "unit prices" from Exhibit B, Schedule 5 and the "Price," "Total (USD" and "total purchase price" figures from Exabit I to the Complaint.

The Clerk is respectfully requested to terminate the motion at ECF 12.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 28, 2026